# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| SEAN D. GATES, | ) |
| Petitioner, | ) ) ) |
| v. | ) CAUSE NO. 3:10-CV-0244 WL |
| SUPERINTENDENT, INDIANA STATE PRISON, | ) ) ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER

Petitioner Sean Gates, a prisoner confined at the Indiana State Prison, submitted a petition pursuant to 28 U.S.C. § 2254. According to the petition, a disciplinary hearing board ("DHB") found him guilty of a disciplinary infraction and imposed a sanction on him then, subsequently, an administrative board also imposed a loss of contact visitation on him as a result of the DHB's finding of guilt. Gates challenges only the loss of contact visitation. (DE 1 at 4 and 8).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ." This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit. "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993).

Gates filed this habeas corpus petition explicitly challenging his loss of visiting privileges imposed on February 20, 2009, by the Indiana Department of Corrections (IDOC). He does not challenge the DHB's finding of guilt, but asserts that "loss of contact visits should be rescinded, and the Petitioner's contact visitation status be reinstated." (DE 1 at 4).

A prison disciplinary action can only be challenged in a habeas corpus proceeding where it lengthens the duration of confinement. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). The Fourteenth Amendment's due process clause does not provide prisoners due process protections from sanctions that do not effect the duration of their confinement. *Sandin v. Conner*, 515 U.S. 472, 487, (1995) (distinguishing between a prison disciplinary sanction that will inevitably affect the duration of the inmate's sentence and sanctions that do not affect the duration of his sentence). Prisoners may not use 28 U.S.C. § 2254 to challenge prison disciplinary sanctions that do not effect the duration of their confinement. *Sylvester v. Hanks*, 140 F.3d 713 (7th Cir. 1998). The DHB did not impose the loss of contact visitation privileges Gates challenges, and the loss of visitation privileges will not lengthen the duration of his confinement.

For the foregoing reason, the Court DISMISSES the habeas corpus petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

SO ORDERED on September 9, 2010

                                              s/William C. Lee
                                              William C. Lee, Judge
                                              United States District Court