UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SEAN D. GATES,                                )
                                              )
            Petitioner,                       )
                                              )
      v.                                      )   CAUSE NO. 3:10-CV-0244 WL
                                              )
SUPERINTENDENT, INDIANA                       )
STATE PRISON,                                 )
                                              )
            Respondent.                       )

**OPINION AND ORDER**

Petitioner Sean Gates, a prisoner confined at the Indiana State Prison, submitted a petition pursuant to 28 U.S.C. § 2254. According to the petition, a disciplinary hearing board ("DHB") found him guilty of a disciplinary infraction and imposed a sanction on him then, subsequently, an administrative board also imposed a loss of contact visitation on him as a result of the DHB's finding of guilt. Gates challenges only the loss of contact visitation. (DE 1 at 4 and 8).

The court screened the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, and dismissed the petition because he did not challenge the DHB's finding of guilt, but asserts that "loss of contact visits should be rescinded, and the Petitioner's contact visitation status be reinstated." (DE 1 at 4). A prison disciplinary action can only be challenged in a habeas corpus proceeding where it lengthens the duration of confinement. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). The Fourteenth Amendment's due process clause does not provide prisoners due process protections from sanctions that do not effect the duration of their confinement. *Sandin v. Conner*, 515 U.S. 472, 487, (1995)

(distinguishing between a prison disciplinary sanction that will inevitably affect the duration of the inmate's sentence and sanctions that do not affect the duration of his sentence). Prisoners may not use 28 U.S.C. § 2254 to challenge prison disciplinary sanctions that do not effect the duration of their confinement. *Sylvester v. Hanks*, 140 F.3d 713 (7th Cir. 1998). The DHB did not impose the loss of contact visitation privileges Gates challenges, and the loss of visitation privileges will not lengthen the duration of his confinement.

Gates has filed a motion, pursuant to Fed. R. Civ. P. 59(c), asking the court to alter or amend the judgment. He has not, however, stated any reason or provided any justification for altering or amending the judgment, or for reopening this case. Moreover, having reviewed the petition and the order dismissing the petition, the Court can discern no justification for reopening this case. For the reasons stated in the court's Rule 4 order, this petition sates no claim upon which relief can be granted.

For the foregoing reason, the Court DENIES the Petitioner's motion to alter or amend judgment (DE 9).

SO ORDERED on January 18, 2011

        s/William C. Lee
       William C. Lee, Judge
       United States District Court